UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD FAWCETT and
JACKIE FAWCETT,

        Plaintiffs,

v.

        CASE NO. 13-CV-10591
        HONORABLE GEORGE CARAM STEEH

WELLS FARGO BANK,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR**
**JUDGMENT ON THE PLEADINGS (Doc. 11)**

This case stems from the foreclosure of plaintiffs' home in Clinton Township, Michigan. On September 20, 2012, plaintiffs, husband and wife Gerald and Jackie Fawcett, filed a four-count complaint in Macomb County Circuit Court challenging the foreclosure by advertisement of their home which took place on March 8, 2012. The Fawcetts allege (1) wrongful foreclosure, (2) breach of contract, (3) fraud, and (4) quiet title, and they seek a preliminary injunction or declaratory relief. Defendant Wells Fargo Bank ("Wells Fargo") removed the action to this court.[1] Now before the court is Wells Fargo's motion for judgment on the pleadings, or in the alternative, for summary judgment. The Fawcetts have not filed a response and the time period for doing so has expired. The deadline for

---

[1] In their Complaint, plaintiffs named GMAC Mortgage ("GMAC") as a defendant. Defendant Wells Fargo removed on the basis of diversity jurisdiction and argued that the court should not consider the citizenship of GMAC because it was fraudulently joined. Plaintiffs did not object to the removal. Thus, the court deems GMAC to have been dismissed from this lawsuit.

-1-

the Fawcett's response was November 5, 2013. On November 6, 2013, Wells Fargo filed a notice of no response which has not prompted the Fawcetts to object to dismissal. Oral argument had been scheduled for December 19, 2013, but given that the Fawcetts have not responded to the motion, and based on the papers now before the court, the court finds that oral argument would not significantly aid the decisional process and thus, pursuant to Local Rule 7.1(e)(2), the matter shall be decided based on the papers now before the court.

This court is well aware of the Sixth Circuit's admonition that a district court may not grant a defendant's motion for summary judgment or motion to dismiss on the sole basis that a plaintiff has failed to respond. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).[2] Even in the absence of a response, this court is required to examine the movant's motion to dismiss or for summary judgment to ensure that the movant has met its burden. Id. The court shall undertake such an analysis here and for the reasons set forth below, Wells Fargo's motion for judgment on the pleadings shall be granted.

---

[2] Moreover, a district court may only sua sponte dismiss a case for failure to prosecute under Federal Rule of Civil Procedure 41(b) upon an analysis of four factors: (1) whether the party's failure is due to willfullness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; or (4) whether less drastic sanctions were imposed or considered before dismissal of the action. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008). Although no one factor is dispositive, dismissal for failure to prosecute is warranted where there is a clear record of delay or contumacious conduct on the part of the plaintiff. Bowles v. City of Cleveland, 129 Fed. App'x 239, 242 (6th Cir. 2005). This court will not dismiss for the Fawcett's failure to prosecute but shall address Wells Fargo's motion on the merits.

## I. Background

On August 10, 2003, the Fawcetts purchased their Clinton Township home subject to a mortgage. At some point, the exact date is not stated in the Complaint, Gerald Fawcett lost his job and requested a mortgage modification. The Fawcetts were unable to reach a mortgage modification, and on March 8, 2012, the property was sold at a sheriff's sale for $72,000. Accordingly, the redemption period expired on September 8, 2012, but the Fawcetts did not file their lawsuit until September 20, 2012. In their Complaint, the Fawcetts allege the foreclosure was wrongful because Wells Fargo lacked a chain of title with its predecessors sufficient to transfer rights under the mortgage, Wells Fargo delayed the sale without adequate notice, and Wells Fargo misled them as to the actual date of the sale.

## II. Standard of Review

Wells Fargo seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court of Appeals for the Sixth Circuit has stated that a district court must consider a Rule 12(c) motion using the same standard of review as a Rule 12(b)(6) motion. Roger Miller Music, Inc. v. Sony/ATV Publ'g, 477 F.3d 383, 389 (6th Cir. 2007). In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire

Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555).  The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).  The well-pleaded facts must permit an inference of more than a mere possibility of misconduct.  Id. at 679.

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007).  In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment."  Id. at 336.  In this case, the court's consideration of the Note, Mortgage, Assignment of Mortgage, and Sherriff's Deed, which were attached as exhibits to Wells Fargo's motion for judgment on the pleadings, does not convert the motion to a motion for summary judgment as these documents are referred to in the Complaint and are integral to the Fawcetts' claims. Accordingly, the court shall consider Wells Fargo's motion for judgment on the pleadings pursuant to Rule 12(c) and shall not convert the motion into one for summary judgment.

### III. Analysis

In its motion, Wells Fargo first argues the Fawcetts lack standing to assert an interest in the property.  In Michigan, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished.

Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942). The former owner therefore lacks standing to assert claims with respect to the property. Awad v. GMAC, No. 302692, 2012 WL 1415166, at *4 (Mich. App. April 24, 2012); Overton v. Mortgage Elect. Reg. Sys., No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009).

Michigan law grants a mortgagor of residential property a statutory redemption period of six months. M.C.L. § 600.3240(8). When the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. M.C.L. § 600.3236. In this case, the sheriff's sale occurred on March 8, 2012 and the redemption period expired on September 8, 2012. At that time, the Fawcetts' rights in the property were extinguished. Once the redemption period has lapsed, in order to avoid dismissal, plaintiffs must come forward with a "clear showing of fraud, or irregularity" in the foreclosure proceedings. Conlin v. Mortgage Electronic Reg. Sys., Inc., 714 F.3d 355, 360 (6th Cir. 2013) (quoting Overton, 2009 WL 1507342, at *1).

The Fawcetts have failed to do so here. They allege that the foreclosure sale was wrongful because Wells Fargo allegedly was not the note-holder or mortgage-holder under MCL § 600.3204(1)(d) and that Wells Fargo allegedly failed to publically post notice of the sale's adjournment and told them that the sale would occur on one date when it actually occurred on another date. The Michigan Supreme Court recently reiterated the rule that the failure to comply with conditions set forth in Michigan's foreclosure by advertisement statute does not render foreclosures void, but merely voidable where actual prejudice is shown. Kim v. JPMorgan Chase Bank, 493 Mich. 98, 115 (2012). To prove foreclosure-defect claims, "plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they

would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Id. at 115-16.

The Fawcetts have failed to meet their burden here. First, as to their claim that Wells Fargo was not the note-holder or mortgage-holder, those claims are belied by the Note dated July 25, 2003, which was specially endorsed by the Loan Originator in favor of Wells Fargo immediately after origination, Doc. 11, Ex. 1 at 3, and by the Assignment of Mortgage executed on the same date. Id. at Ex. 3. Having failed to show that there was any deficiency in the recording of Wells Fargo's interest in the Note and Mortgage, the Fawcetts' claim that Wells Fargo failed to meet the requirements for foreclosure by advertisement on this basis lacks merit and the question of actual prejudice is not even implicated. Because Wells Fargo was properly identified in the chain of title, the Fawcetts have not shown that Wells Fargo failed to meet the requirements of MCL § 600.3204(1)(d).[3]

Second, the court considers the Fawcett's claim that the foreclosure was wrongful because Wells Fargo allegedly failed to give them proper notice of the sheriff's sale. Specifically, the Fawcetts allege that Wells Fargo adjourned the foreclosure sale for more than a week without posting the notice of adjournment in a public place as required by MCL § 600.3220, and that Wells Fargo allegedly misled them by stating the foreclosure sale

---

[3]The Fawcetts also contend that the foreclosure must be set aside on the grounds that Wells Fargo was not a holder in due course. Michigan's foreclosure-by-advertisement statute, MCLA § 600.3204, does not require that a mortgagee be a holder in due course of the note. E.g. Schare v. Mortgage Elect. Reg. Sys., Inc., No. 11-CV-11889, 2012 WL 2031958, *2 (E.D. Mich. June 6, 2012) (Rosen, J.)(collecting cases). In any event, it appears that Wells Fargo is a holder in due course of the Note as the Note was specially endorsed in favor of Wells Fargo, Doc. 11, Ex. 1 at 3.

would take place on March 22, 2012, when it actually took place on March 8, 2012. Complaint, ¶¶ 13, 18, 54. Wells Fargo does not dispute that it committed these errors in contravention of the foreclosure statute, but argues that the Fawcetts have not alleged any actual prejudice from these shortcomings which would require that the foreclosure be set aside.

The Sixth Circuit has ruled that under Michigan law, a notice defect is only actionable upon a showing of actual prejudice. Lessl v. CitiMortgage, Inc., 515 Fed. App'x 467, 469 (6th Cir. 2013). In Lessl, the Sixth Circuit found no actual prejudice arising from defendant's failure to post notice of the sheriff's sale on plaintiff's property as required under MCLA § 600.3208, where the plaintiff had actual notice of the foreclosure in the form of a letter. Id. at 469-70. The Sixth Circuit explained that no prejudice from inadequate notice can be found and courts will uphold a completed foreclosure sale when "the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property." Id. at 469 (quoting Jackson Inv. Corp. v. Pittsfield Prods., Inc., 162 Mich. App. 750, 413 N.W.2d 99, 101 (1987)). In this case, the Fawcett's Complaint does not allege that they were unaware of foreclosure proceedings. In fact, they admit they initiated conversations to modify the mortgage. Complaint, ¶ 10. The Fawcetts' Complaint does not allege that they would have been in any better position to keep the property if Wells Fargo had complied with the strict notice requirements of the foreclosure statute when it adjourned the sheriff's sale. Accordingly, the redemption period cannot be equitably tolled based on their claim of defective notice, and the Fawcetts lack standing to challenge the foreclosure proceedings.

In sum, as the statutory redemption period has lapsed, and the Fawcetts have not shown that there was not a proper assignment of the Note and Mortgage to Wells Fargo, or shown any discernible prejudice with respect to the deficient notice alleged, Wells Fargo is entitled to judgment on the pleadings.

### IV. Conclusion

For the reasons stated above, Wells Fargo's motion for judgment on the pleadings, Doc. 11, hereby is GRANTED.

**IT IS SO ORDERED**.

Dated: November 26, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 26, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---